UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID GINSBERG, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| CAPITAL ONE, NATIONAL ASSOCIATION | § | CIVIL ACTION NO. 5:20-cv-1155 |
| CORP SERVCIES ABA, CSC, LAWYERS | § | |
| INCORPORATION SERVICES, | § | |
| | § | |
| Defendant | § | |

# DEFENDANT'S NOTICE OF REMOVAL

Defendant Capital One Bank (USA), N.A., erroneously named in the Small Claims Petition as "Capital One, National Association corp services company aba, csc, lawyers incorporation services," (hereinafter, "Capital One") hereby submits this Notice of Removal of the action from the Justice Court, Precinct Two, of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, the District and Division encompassing the state court in which this action is pending.

Capital One invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1331 and 1441(a) and removes this action from state court to federal court pursuant to 28 U.S.C. § 1446(b). In support, Capital One respectfully shows as follows:

**A.     STATEMENT OF THE CASE**

1.     On August 26, 2020, plaintiff David Ginsberg ("Plaintiff") filed his Small Claims Petition (the "*Petition*") in the Justice Court Precinct Two of Bexar County, Texas, styled *David Ginsberg v. Capital One, national association corp services company aba, csc, lawyers*

*incorporation services*, and designated as Case No. 21S2000566 (the "Action").  In accordance with 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings and orders received by Capital One from Plaintiff in this Action (which is only the Petition) and those records obtained directly from the Court's file for this Action are attached hereto as *Exhibit A*.

2. The Petition alleges that Plaintiff is suing Capital One because "[his] credit is now damaged and [he] ha[s] sustained personal lost due to [Capital One's] negligence and false reporting to the credit bureaus."  Petition, p. 1.  In other words, the basis for liability in this case, as alleged by Plaintiff, arises out of Capital One's credit reporting activity.  Accordingly, Plaintiff's Petition falls squarely under the Fair Credit Reporting Act ("FCRA"), a federal Act codified at 15 U.S.C. §§ 1681 *et seq*.  "Congress enacted the [FCRA] in 1970 'to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy.'"  *Gorman v. Wolpoff & Abramson*, LLP, 584 F.3d 1147, 1153 (9th Cir. 2009).

### B.     JURISDICTION

3. Capital One specifically alleges this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1441(a) because Plaintiff alleges that he is suing Capital One because "[his] credit is now damaged and [he] ha[s] sustained personal lost due to [Capital One's] negligence and false reporting to the credit bureaus," and, therefore, Plaintiff's claims fall squarely under the FCRA and invoke federal question jurisdiction as an action arising under the laws of the United States pursuant to § 1331.  Petition, p. 1.

4. Although Plaintiff's Petition is based on "false reporting to the credit bureaus," Plaintiff does not specifically identify any of the FCRA provisions.  Nevertheless, federal jurisdiction is appropriate in this case because "the plaintiff cannot abrogate the defendant's right of removal by "artful pleading."  *Hays v. Cave*, 446 F.3d 712, 713 (7th Cir. 2006) (citing *Tifft v. Commonwealth Edison Co.,* 366 F.3d 513, 516 (7th Cir. 2004); *Sullivan v. American Airlines, Inc.,*

424 F.3d 267, 271 (2d Cir. 2005)). The artful pleading doctrine applies when the plaintiff attempts "to mask by artfully pleading a federal question that not only is intrinsic to a plaintiff's cause of action, but because of its centrality also constitutes adequate grounds for removal. *Dardeau v. W. Orange-Grove Consol. Indep. Sch. Dist.*, 43 F. Supp. 2d 722, 728 (E.D. Tex. 1999). "The rationale behind this category of the cases is that if a plaintiff's claims had been well-pleaded the federal question would have appeared on the face of the complaint." *Id*.

5. The invocation of federal jurisdiction in this case is further bolstered by 15 U.S.C. § 1681t(b)(1)(F), which preempts state law claims, "relating to the responsibilities of persons who furnish information to consumer reporting agencies. . . ," and the case law that interprets it. *See Shaunfield v. Bank of Am.*, 2013 WL 1846885, at *2 (N.D. Tex. - Apr. 24, 2013) (holding that because the plaintiff "bases his § 1681s–2 and Texas statutory claims on the same allegedly wrongful conduct taken by [defendant] as a furnisher of information to a credit reporting agency, [plaintiff's] Texas statutory claims are preempted by the FCRA"); *Roybal v. Equifax*, 405 F. Supp. 2d 1177, 1181 (E.D. Cal. 2005) ("Because Plaintiffs' State Claims are based on alleged injury arising purely from the reporting of credit information by a furnisher of credit, they are completely preempted") (citing *Jaramillo v. Experian Info. Solutions, Inc.*, 155 F.Supp.2d 356, 361-62 (E.D.Pa.2001) ("it is clear ... that Congress wanted to eliminate all state causes of action relating to the responsibilities of persons who furnish [credit] information"); *Hasvold v. First USA Bank*, 194 F.Supp.2d 1228, 1239 (D.Wyo.2002) ("federal law under the FCRA preempts plaintiff's claims [for defamation and invasion of privacy] against the defendant relating to it as a furnisher of information"); *Riley v. Gen. Motors Acceptance Corp.*, 226 F.Supp.2d 1316, 1322 (S.D.Ala.2002) (finding preemption of state tort claims for negligence, defamation, invasion of privacy and outrage).

6. Furthermore, 15 U.S.C. § 1681h specifically states that "no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against…any person who furnishes information." *See also Morris v. Equifax Info. Servs., LLC*, 457 F.3d 460, 471 (5th Cir. 2006), *as modified on reh'g* (Aug. 17, 2006) (holding that state law claim fails under § 1681h(e) of the FCRA). Therefore, Plaintiff will be left with a bare allegation that plainly invokes federal jurisdiction under the FCRA.

7. Thus, Capital One specifically alleges that this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1441(a) because this Court would have had original jurisdiction founded on Plaintiff's claims arising under the FCRA, a law of the United States.

### C. BASIS FOR REMOVAL

8. This Court has jurisdiction over this Action pursuant to 28 U.S.C. § 1331, because Plaintiff's claim arises under the FCRA, which is a law of the United States. Specifically, Plaintiffs' Petition alleges Plaintiff is suing Capital One because "[his] credit is now damaged and [he] ha[s] sustained personal lost due to [Capital One's] negligence and false reporting to the credit bureaus." Petition, p. 1. Adjudication of Plaintiff's Petition thus requires an analysis and construction of federal law—namely, the FCRA. Accordingly, the Action may be removed to this Court by Capital One pursuant to 28 U.S.C. §§ 1331 and 1441(a) because this Court would have had original jurisdiction founded on Plaintiffs' claim arising under the FCRA.

### D. ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

9. Removal of this action is timely. Capital One's records reflect that the Petition was received by its registered agent for service of process on September 15, 2020. Therefore, this

Notice of Removal is "filed within thirty [30] days after receipt by the defendant…of a copy of the initial pleading" in accordance with the time period mandated by 28 U.S.C. § 1446(b).

10. There do not appear to be any co-defendants alleged in the Petition from which Capital One might have been required to obtain consent to remove this action. Indeed, the only parties in this Action are Plaintiff and Capital One. Capital One is represented by the undersigned counsel. Plaintiff represents himself pro se and has provided the following contact information: 6018 John Chapman, San Antonio, Texas 78240.

11. Venue lies in the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1441(a) because the Action was filed within this District. *See also* 28 U.S.C. § 124(d)(4).

12. As stated above, pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all processes, pleadings and orders received by Capital One from Plaintiff in this Action, as well as those documents obtained directly from the Court's file for this Action, are attached hereto as *Exhibit A*.

13. Written notice of the filing of this Notice of Removal will be promptly served upon Plaintiff. Capital One will also promptly file a copy of this Notice with the Clerk of the Justice Court Precinct Two, County of Bexar, State of Texas.

WHEREFORE Capital One prays that the above Action now pending against it in the Justice Court Precinct Two, County of Bexar, State of Texas, be removed therefrom to this Court.

Respectfully submitted,

CONNER & WINTERS, LLP

/s/ Douglas M. Selwyn
Douglas M. Selwyn
State Bar No. 18022250
808 Travis Street, 23rd Floor
Houston, Texas 77002
Telephone: (713) 650-3850
Facsimile: (713) 650-3851
dselwyn@cwlaw.com

OF COUNSEL:
David H. Herrold*
State Bar No. 24107029
CONNER & WINTERS LLP
4000 One Williams Center
Tulsa, Oklahoma 74103
Telephone: (918) 586-5711
Facsimile: (918) 586-8547
dherrold@cwlaw.com
*pro hac vice application forthcoming

**ATTORNEYS FOR DEFENDANT**

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing *Notice of Removal* has been deposited in the U.S. Mail, all postage prepaid thereon, on September 29, 2020, addressed to:

David Ginsberg
6018 John Chapman
San Antonio, TX 78240
*Pro Se Plaintiff*

and sent via email:  spforce@msn.com

/s/ Douglas M. Selwyn
Douglas M. Selwyn